# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLUMBIA EXPORT TERMINAL, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **THE INTERNATIONAL LONGSHORE AND WAREHOUSE UNION;** *et al.*, <br><br> Defendants. | Case No. 3:18-cv-2177-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation ("F&R") in this case on June 12, 2019. ECF 103. Magistrate Judge Russo recommended that the motion to dismiss filed by Defendant International Longshore and Warehouse Union ("ILWU") and joined by the individual defendants be granted and this case dismissed.[1]

---

[1] Plaintiff objects that this case should not be dismissed with prejudice because Plaintiff may want to proceed with the grievance process that Judge Russo found was not properly exhausted. Judge Russo, however, did not recommend that this case be dismissed with prejudice. The F&R is silent with respect to whether the recommended dismissal is with or without prejudice. Absent a specific recommendation to dismiss with prejudice, the Court does not construe a recommended dismissal as one with prejudice.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although without objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

For those portions of Magistrate Judge Russo's F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent, and those portions are adopted.

Plaintiff timely filed an objection. ECF 109. Plaintiff argues that Judge Russo applied the incorrect "preemption" standard instead of the "preclusion" standard when considering whether § 301 of the Labor-Management Relations Act ("LMRA") precludes Plaintiff from bringing claims in federal court under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Plaintiff argues that the "preclusion" test requires evaluating whether there is a true "conflict" between RICO and the LMRA and, if there is, the later-passed RICO must be given supremacy unless there is some indication of Congressional intent that the LMRA should govern.

Judge Russo noted that when two federal statutes are at issue, the proper term is "preclusion" instead of "preemption," but that the *analysis* under the LMRA is the same as with preemption. She also noted that the terms often are used interchangeably, and thus she used them interchangeably. Judge Russo cited many cases under the LMRA and the Railway Labor Act ("RLA") that apply the same "preemption" test in deciding questions of preclusion between federal statutes.[2] Judge Russo described and applied the relevant two-part test—first examining whether the asserted cause of action involves a right conferred by law independent of the parties' collective bargaining agreement ("CBA") and, if so, asking whether the right is nevertheless substantially dependent on the CBA.

Plaintiff argues that Judge Russo, the cases she cited, and the cases cited by ILWU all applied the incorrect test, either improperly considering preemption instead of preclusion or without directly considering the issue because the differences between the two were not raised. Plaintiff also asserts that the Ninth Circuit has "*sub silentio*" overruled *Hubbard v. United Airlines*, 927 F.2d 1094 (9th Cir. 1991), which applied the preemption test in finding that the

---

[2] RLA and LMRA cases are evaluated under the same test for preemption and preclusion, and the Court rejects Plaintiff's objection that the differences in the statutes' arbitration standards require a different test for preclusion. *See, e.g.*, *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 918 n.7, 920 (2018) (*en banc*) (applying the same test despite noting the differences in the "source of the obligation to arbitrate" between the two statutes, and noting that "in practice" nearly all disputes are arbitrated under the LMRA despite the difference in text, and that the "end purposes of LMRA § preemption and RLA preemption are the same—to enforce 'a central tenet of federal labor-contract law . . . that is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance'" (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

PAGE 3 – ORDER

RLA preempted claims under RICO. Besides the generally disfavored concept of silent reversals, the Ninth Circuit recently held that "[i]n evaluating RLA or LMRA § 301 preemption we are guided by the principle that if a state law claim 'is either grounded in the provisions of the labor contract or requires interpretation of it,' the dispute must be resolved through grievance and arbitration." *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 920 (2018) (*en banc*). The Ninth Circuit expressly stated: "*The same principle applies to federal law claims*, although they might better be described as 'precluded.'" *Id.* at 920 n.4 (emphasis added).[3] The court detailed the two-step test applied by Judge Russo arising from that governing principle applicable to both state and federal law claims and then explained:

> As this two-step preemption inquiry suggests, RLA and LMRA § 301 preemption differ from typical conflict preemption because they are not driven by substantive conflicts in law. Rather, RLA and LMRA § 301 preemption are grounded in the need to protect the proper *forum* for resolving certain kinds of disputes (and, by extension, the substantive law applied thereto). RLA and LMRA § 301 preemption are, in effect a kind of 'forum' preemption, resembling the doctrine of primary jurisdiction or the reference of disputes to arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

---

[3] The Seventh Circuit has also similarly explained federal labor "preemption," including LMRA preemption of federal claims. *See United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 864 (1998) (noting that the Supreme Court has explained that interpretative uniformity and predictability require that labor-contract disputes be resolved by reference to federal law and uniform federal interpretation and "to maintain that 'uniformity and predictability,' the preemptive force of § 301 displaces any independent *federal or state* cause of action when the claim concerns a legitimate labor dispute and involves the breach of a collective bargaining agreement" (emphasis added) (quoting *Allis-Chalmers Corp. Lueck*, 471 U.S. 202, 211 (1985)). The Seventh Circuit also explained that federal courts may decide labor law questions that are "collateral issues in suits brought under independent federal remedies" and § 301 preemption does not apply if claims involve the application of "independent federal statutes" that "concern only collateral issues of labor law." *Id.*

*Id.* at 922 (emphasis in original). Thus, the Ninth Circuit has not silently overruled applying the preemption test to analyzing whether federal claims are precluded by the RLA and LMRA, but has, sitting *en banc*, expressly reaffirmed that test.

If Plaintiff believes that a different test should be applied when evaluating whether a federal law claim is precluded by the RLA or LMRA, that is an issue for Plaintiff to take up with the Ninth Circuit. This Court must follow Ninth Circuit precedent. Thus, Plaintiff's objection that Judge Russo applied the incorrect preemption test is rejected. That portion of Judge Russo's F&R is adopted.

Plaintiff also objects that Judge Russo incorrectly concluded that Plaintiff's claims would require substantial analysis of the CBA because Judge Russo failed to appreciate that the CBA only applies to Defendants' defense and Judge Russo identified no "ambiguous" term of the agreement. Plaintiff further argues that the grievance process of the CBA does not apply to RICO claims, does not apply to claims against ILWU but only claims against the local unions, and is not a mandatory requirement for claims brought by Plaintiff as the employer, but is only mandatory for claims brought by employees.

Plaintiff's objection that the CBA is only relevant to Defendants' defense misunderstands how RICO claims are considered in the context of evaluating mail and wire fraud predicate crimes in these types of cases. The alleged acts are not mail or wire *fraud* unless they were fraudulent or part of a scheme to defraud, cheat, or deceive. The acts were not fraudulent if they were permitted under the CBA. Thus, as explained by Judge Russo, interpretation of the CBA is necessary to determine whether the disputed time entries were or were not appropriate and compensable under the CBA. *Accord Underwood v. Venango River Corp.*, 995 F.2d 677, 685 (7th Cir. 1993) ("The only rights the plaintiffs seek to vindicate through their RICO claim, i.e.,

seniority and severance benefits, originate in the CBA."); *Merryman Excavation, Inc. V. Int'l Union of Operating Eng'rs.*, 552 F. Supp. 2d 745, 750 (N.D. Ill. 2008) ("Local 150's acts in sending mailings are only illegal if Local 150 had no contractual right to send them, a fact that is contingent upon determination of the terms of the CBA. Put another way, whether Defendants committed mail fraud and extortion allegations hinges upon a finding that the underlying decision of the JHC were invalid or were otherwise inconsistent with the terms and spirit of the CBA." (citation omitted)).

Nor is it required for § 301 preclusion that the case involve an "ambiguous" term of the CBA. The parties dispute whether the allegedly improper time entries are fraudulent and not compensable under the CBA, as asserted by Plaintiff, or are appropriate and compensable under the CBA, as Defendants contend. Thus, this case essentially involves a claim that is substantially dependent upon an analysis of the CBA, as Judge Russo found. The Court also has considered, and rejected, Plaintiff's other objections, and adopts Judge Russo's F&R in full after conducting a *de novo* review.

The Court ADOPTS Magistrate Judge Russo's Findings and Recommendation, ECF 103. ILWU's Motion to Dismiss (ECF 23) is GRANTED and this case is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 20th day of December, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge